IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-357-BO

| | |
|---|---|
| MICHAEL ANTHONY STRICKLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 23]. A hearing on this matter was held in Elizabeth City, North Carolina on July 28, 2014 at 11:00 a.m. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

On May 13, 2010, plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, alleging an onset date of January 2, 2008. The claims were denied initially and upon reconsideration. On June 3, 2011, an Administrative Law Judge ("ALJ") held a hearing and rendered an unfavorable decision on November 3, 2011. The Appeals Council denied the claimant's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Mr. Strickland is 58 years of age and has an eighth grade education. Mr. Strickland complains of chronic pain in his left shoulder, elbow, and wrist, and arthritis, chronic obstructive

pulmonary disease, shortness of breath, peripheral vascular disease, and degenerative disc disease. The relevant time period in this case is from January 2, 2008 through December 31, 2009 – plaintiff's date last insured.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work

despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ found that plaintiff had the following severe impairments: left wrist fracture; lateral epicondulitis; hypertension; and peripheral vascular disease. [Tr. 33]. Disagreeing with the ALJ's decision, plaintiff submitted additional evidence in support of his request for reconsideration in front of the Appeals Council. [Tr. 4]. The additional evidence plaintiff sought to have considered by the Appeals Council included the settlement of his worker's compensation claim [Tr. 265], a December 23, 2011 medical source statement by Dr. Gallup [Tr. 408–13], Angela Chambers's January 2, 2012 statement in support of plaintiff's disability claim [Tr. 266–67], and a January 4, 2012 medical source statement by Dr. Gallup [Tr. 415–17].

Plaintiff notes that he filed this new and material evidence to the Appeals Council which admitted it into the record, but did not assess it. As no fact finder has assessed the weight of this evidence, Mr. Strickland asks this Court to remand the matter to the Commissioner for proper consideration. While the Appeals Council's denial of review itself is not subject to judicial review, any evidence that the Appeals Council incorporated into the record is subject to this Court's substantial evidence review. *Meyer v. Astrue*, 662 F.3d 700, 704–06 (4th Cir. 2011). When, as here, the Appeals Council does not articulate its reasons for denying review and the ALJ has not considered new and substantial evidence, judicial review is not necessarily rendered impossible. *Id.* at 707. However, a finding that the decision of the Commissioner is or is not

3

supported by substantial evidence is only possible when the record as a whole is so clearly one-sided as to make clear the proper determination. *Id.*; *cf. Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir. 1996) (concluding that substantial evidence supported the ALJ's findings after reviewing new evidence); *Wilkins v. Secretary of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (concluding that substantial evidence did not support the ALJ's findings after reviewing new evidence). Here, as in *Meyer*, after considering the record as a whole, the Court cannot determine whether substantial evidence supports a denial of benefits here. 662 F.3d at 707. Here the additional evidence supports the opinions of Dr. Gallup that were before the ALJ and provides specific restrictions related to plaintiff's ailments which were not considered by the ALJ. Further, plaintiff's worker's compensation settlement should be discussed by the ALJ. *See Greco v. Colvin*, 2014 WL 3571523, *3 (D.S.C. June 17, 2014) (explaining that an ALJ should discuss the consideration given to a worker's compensation matter). As "no fact finder has made any findings as to [the new evidence] or attempted to reconcile that evidence with the conflicting and supporting evidence in the record[,]" this Court must remand the case for further consideration as it cannot make findings and determinations in the first instance. *Meyer*, 662 F.3d at 707.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 4 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE